Brockenbroügh, J.
The statute provides, that every deed of trust of personalty, which ought to be recorded, shall be recorded in the court of that county in which such property “shall remain.” It is clear, that at the time the deed was recorded in Southampton, and between that period and that in which the slaves were carried to Southampton, the deed was void as to purchasers for valuable consideration without notice, and as to all creditors, because the slaves were remaining in a different county, namely, Sussex. Did the subsequent removal of them to Southampton, give life and energy to the deed which had been void before? I think not. In what clerk’s office would a purchaser of these slaves, or a creditor of Cooper, look for a deed passing the title to some one else ? Certainly, he would examine the Sussex office, because in that county the slaves were abiding. When, at a posteriour period, they were removed to Southampton by the visible owner of them, he would not look to the registry of deeds in that county, at any prior time ; because, during such prior time, the slaves were not there, and he could not expect to find any deed for slaves that were not then remaining there; that is, residing or abiding there. The recording of the deed in Southampton *522 before the slaves were removed, was not constructive notice to purchasers and creditors. I am of opinion, that the judgment is erroneous, and must be reversed, and a judgment enured for the defendant in the court below.
other judges concurred. Judgment reversed.